# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Le'Andre Johnson, | Case No.: 2:18-cv-984-APG-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| Correct Care Solutions, et al., | |
| Defendants. | |

This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former inmate. On January 22, 2019, Magistrate Judge Foley issued an order denying the application to proceed *in forma pauperis* for prisoners as moot because Plaintiff Le'Andre Johnson was no longer incarcerated. ECF No. 10. Judge Foley ordered Johnson to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 within 30 days from the date of that order. *Id.* The 30-day period has now expired, and Johnson has not filed an application to proceed *in forma pauperis* for non-prisoners, paid the full filing fee, or otherwise responded to Judge Foley's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Foley's order requiring Johnson to file an application to proceed *in forma pauperis* or pay the filing fee within 30 days expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, the Court shall dismiss this case without prejudice." ECF No. 10 at 2.

Thus, Johnson had adequate warning that dismissal would result from his noncompliance with Judge Foley's order.

It is therefore ordered that this action is dismissed without prejudice based on Johnson's failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee in compliance with Judge Foley's January 22, 2019, order.

It is further ordered that the Clerk of Court shall close the case and enter judgment accordingly.

Dated: February 27, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE